**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GLORIA J. HIGHTOWER, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 26-0109 (UNA) |
| CAMDEN DEVELOPMENT, INC.,<br>T/A CAMDEN ROOSEVELT, | : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

This matter is before the Court on consideration of Plaintiff's amended complaint (ECF No. 5).

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of*

*Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79). As drafted, the complaint fails to meet these goals.

Plaintiff brings this action against her landlord, to which Plaintiff directed several complaints regarding the behavior of a fellow tenant and her pet dog. *See generally* Am. Compl. at 1-3. She faults Defendant for "fail[ing] to address . . . documented conditions affecting [her] health, and quiet enjoyment of [her] home." *Id*. at 4. Missing, however, are factual allegations to support Plaintiff's vague and broad assertions of "discrimination, retaliation, and unequal treatment." *Id*. For this reason, the Court concludes that the amended complaint lacks factual content from which to draw reasonable inferences that Defendant is liable for the misconduct Plaintiff alleges. Therefore, the Court DISMISSES the amended complaint without prejudice.

An Order is issued separately.

/s/
AMIT P. MEHTA
United States District Judge

DATE: September 2, 2026